No. 25-4476

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

In re Donald J. Trump, et al.,
*Petitioners-Defendants.*

v.

United States District Court of the Northern District of California,
*Respondent,*

American Federation of Government Employees, AFL-CIO, et al.,
*Real Parties in Interest-Plaintiffs.*

ON PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTICT OF CALIFORNIA
No. 3:25-cv-03698-SI
The Honorable Judge Susan Illston

## REAL PARTIES IN INTEREST-PLAINTIFFS' OPPOSITION TO
## PETITION FOR REHEARING OR REHEARING EN BANC

Elena Goldstein
Skye Perryman
Tsuki Hoshijima
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel.: (202) 448-9090
egoldstein@democracyforward.org
sperryman@democracyforward.org

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Robin S. Tholin
Alice X. Wang
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151
sleyton@altber.com
dleonard@altber.com

*Attorneys for Real Parties in Interest-Plaintiffs ***
**additional counsel and affiliations on signature pages*

## TABLE OF CONTENTS

Table of Authorities ................................................................................ ii

Introduction ...........................................................................................1

Background ........................................................................................... 2

Argument ...............................................................................................9

I.    Defendants fail to acknowledge the high bar for mandamus relief ..............10

II.   The panel's decision does not warrant rehearing. ........................................11

    A.    There can be no error in the panel's analysis of the qualified privilege claim where the panel assumed without deciding that the privilege applied ...............................................................11

    B.    The panel applied a well-established test and did not err in concluding that any qualified privilege was overcome given the relevance of the documents to claims at issue. ...................................15

    C.    The panel appropriately considered separation-of-powers concerns ...........................................................................21

Conclusion ...........................................................................................25

# TABLE OF AUTHORITIES

**Federal Cases**                                                    **Page(s)**

*AFGE v. Trump*,
  139 F.4th 1020 (9th Cir. 2025) ...................................................*passim*

*Assembly of State of Cal. v. Dep't of Commerce*,
  968 F.2d 916 (9th Cir. 1992) ........................................................13, 15

*Bauman v. U.S. Dist. Ct.*,
  557 F.2d 650 (9th Cir. 1977) ................................................................10

*Cheney v. U.S. Dist. Ct.*,
  542 U.S. 367 (2004).....................................................................10, 23

*Elev8 Baltimore, Inc. v. Corp. for Nat'l & Cmty. Serv.*,
  2025 WL 1865971 (D. Md. July 7, 2025) ..........................................18

*Ex parte Fahey*,
  332 U.S. 258 (1947).................................................................................10

*FTC v. Warner Communc'ns*,
  742 F.2d 1156 (9th Cir. 1984) ..........................................12, 15, 16

*Jud. Watch, Inc. v. DOJ*,
  365 F.3d 1108 (D.C. Cir. 2004)............................................................23

*Karnoski v. Trump*,
  926 F.3d 1180 (9th Cir. 2019) .....................................................23, 24

*Kerr v. U. S. Dist. Ct.*,
  426 U.S. 394 (1976)................................................................................10

*Lands Council v. Powell*,
  395 F.3d 1019 (9th Cir. 2005) .................................................................8

*Pac. Union Conf. of Seventh-Day Adventists v. Marshall*,
  434 U.S. 1305 (1977)...............................................................................18

*Rudometkin v. United States*,
  140 F.4th 480 (D.C. Cir. 2025).............................................................20

*Sackett v. EPA*,
    566 U.S. 120 (2012)...................................................................13

*In re Swift Transp. Co. Inc.*,
    830 F.3d 913 (9th Cir. 2016) .........................................16

*Thompson v. U.S. Dep't of Lab.*,
    885 F.2d 551 (9th Cir. 1989) .........................................19

*Trump v. AFGE*,
    145 S. Ct. 2635 (2025)...............................................4, 5

*In re United States*,
    895 F.3d 1101 (9th Cir. 2018) .......................................10

*In re United States*,
    583 U.S. 29 (2017)...................................................24

*U.S. DOGE Service v. CREW*,
    145 S. Ct. 1981 (2025)...............................................24

*United States v. Nixon*,
    418 U.S. 683 (1974)..................................................23

*United States v. Procter & Gamble Co.*,
    356 U.S. 677 (1958)..................................................22

*Will v. United States*,
    389 U.S. 90 (1967)...................................................10

*Wolfe v. HHS*,
    815 F.2d 1527 (D.C. Cir. 1987) ......................................23

## Other Authorities

Executive Order 14210 ....................................................2

Fed. R. App. P. 40(a)(b)(2) ..............................................9

Fed. R. App. P. 40(b)(1)(A) ..............................................9

# INTRODUCTION

By declining to issue mandamus, the panel appropriately decided not to intervene in the District Court's careful management of this case. The District Court thoroughly considered Defendants' categorical claim of deliberative process privilege after giving Defendants repeated opportunities to provide support for, or to narrow, their claim. The District Court concluded that the deliberative process privilege—to the extent it applied at all—was overcome by the central importance of the Agency RIF and Reorganization Plans (ARRPs) to this case, which challenges the lawfulness of Defendants' efforts to unilaterally reorganize and downsize the federal government without Congressional authorization, including through the approvals for and implementation of ARRPs that are arbitrary and capricious and otherwise unlawful.

The panel correctly found that the District Court committed no clear error that would justify the drastic and extraordinary writ of mandamus. When the Supreme Court stayed the District Court's preliminary injunction, it expressly left the lawfulness of the ARRPs for the District Court to determine in the first instance. By continuing to seek this Court's intervention to maintain secrecy over ARRPs, Defendants are trying to avoid the very judicial review that the Supreme Court recognized should be available in District Court.

1

The panel's decision was appropriate given the demanding standard for mandamus, and the decision did not create any conflict with existing case law. The District Court's discovery order and the panel decision rejecting Defendants' request for extraordinary appellate intervention in the District Court's ongoing management of discovery both gave appropriate respect to the separation of powers concerns that Defendants invoke in an effort to block discovery into their allegedly unlawful actions. It is Defendants who ask this Court to adopt a new and more stringent "last resort" standard for obtaining discovery when the federal government is a party. Pet. at 16. Defendants' rehearing petition should be denied.

## BACKGROUND

Executive Order 14210 directed all federal agencies to commence "a critical transformation of the Federal bureaucracy" through large-scale reductions-in-force (RIFs) and reorganizations, including "all agency initiatives, components, or operations that my Administration suspends or closes." Mandamus.Add.158.[1] The Office of Management and Budget (OMB) and Office of Personnel Management (OPM) quickly issued an implementing memorandum that directed federal

---

[1] Record materials are cited as follows: addendum to Defendants' mandamus petition, ECF 1.1 ("Mandamus.Add."); supplemental addendum to Plaintiffs' answer to mandamus petition, ECF 9.2 ("Mandamus.Supp.Add."); addendum to Defendants' rehearing petition, ECF 29.1 ("Reh'g.Add.").

agencies to create and submit, for OMB and OPM approval under tight deadlines, ARRPs imposing large-scale RIFs.  Mandamus.Add.164-65.

Specifically, all federal agencies were required to submit for approval by March 13, 2025 "Phase 1" ARRPs focused on large-scale RIFs and, by April 14, 2025, "Phase 2" ARRPS addressing how to rearrange the pieces of the agencies that would remain.  *Id*. at 164-67.  OMB and OPM directed agencies to achieve "[a] significant reduction in the number of full-time equivalent (FTE) positions by eliminating positions that are not required." *Id*. at 163.  As both the District Court and this Court previously concluded, agencies proceeded to submit these ARRPs for approval, OMB and OPM proceeded to grant approvals of ARRPs (and to reject others for cutting an insufficient number of positions), and agencies began swiftly implementing the approved ARRPs through RIFs, the closing of offices and programs, and sweeping reorganizations.  *AFGE v. Trump*, 139 F.4th 1020, 1028, 1035 (9th Cir. 2025); Mandamus.Supp.Add.68, 121-24.[2]

---

[2] While Defendants describe the ARRPs as "always subject to change" (Pet. at 11), the District Court found that agencies had begun implementing approved ARRPs (including, for example, by firing over 10,000 employees at the Department of Health and Human Services).  Mandamus.Supp.Add.62, 68.  This Court concluded that at least some ARRPs had been approved, and that those approvals were final agency action with binding consequences.  *AFGE*, 139 F.4th at 1038-39; Mandamus.Supp.Add. 102.  Defendants' further representation that "simply because an agency proceeded with a RIF does not mean it did so 'pursuant to' a Plan" is likewise contrary to these findings.  Pet. at 12.

3

Plaintiffs—a coalition of unions, nonprofits, and local governments—challenged this wide-scale reorganization of the federal government as unconstitutional and as exceeding and contrary to agencies' statutory authority, arbitrary and capricious, and procedurally unlawful in violation of the Administrative Procedure Act (APA). Plaintiffs' claims challenged the lawfulness of the Executive Order and the OMB/OPM Memorandum. Plaintiffs also challenged actions by the OMB, OPM, U.S. Department of Government Efficiency ("DOGE") and other federal agencies implementing the Executive Order and Memorandum on grounds that are independent of the lawfulness of the Order and the Memorandum. Mandamus.Add.140-49.

The District Court granted a temporary restraining order and a preliminary injunction based on some, but not all, of Plaintiffs' claims. The District Court specifically reserved ruling on several APA claims pending its review of ARRPs, which Defendants had to date not produced or made public. Mandamus.Supp. Add.104, 236. On May 30, 2025, this Court declined to stay the preliminary injunction. *AFGE*, 139 F.4th at 1029.

On July 8, 2025, the Supreme Court stayed the injunction. *Trump v. AFGE*, 145 S. Ct. 2635 (2025). The Court concluded that Defendants are "likely to succeed on [their] argument that the Executive Order and Memorandum are lawful." *Id.* at 2635. But the Court "express[ed] no view on the legality of any

4

Agency RIF and Reorganization Plan produced or approved pursuant to the Executive Order and Memorandum." *Id.* As Justice Sotomayor explained, the Court "le[ft] the District Court free" to determine the legality of ARRPs "in the first instance." *Id.* (Sotomayor, J., concurring in the grant of stay).

Following the Supreme Court's stay, District Court proceedings continued regarding Plaintiffs' claims, including those challenging the lawfulness of the ARRPs. As part of these ongoing proceedings, the District Court addressed Defendants' categorical assertion of deliberative process privilege with respect to all ARRPs.

As the panel explained: "The chronology of those proceedings reflects the care with which the district court has dealt with this case." Reh'g.Add.10. The District Court had first ordered Defendants to produce ARRPs in May 2025, based on its conclusion that "the release of the ARRPs will significantly aid the Court's review of the merits of" APA claims on which it had reserved ruling in issuing injunctive relief. Mandamus.Supp.Add.236, 239. In response to that order, Defendants asserted a categorical deliberative process privilege, relying on a single OMB declaration that asserted privilege over all ARRPs (including those already approved and being implemented). Mandamus.Add.184-86. The District Court subsequently stayed its own order and, acknowledging the "gravity of what defendants assert," agreed to reconsider its expedited discovery order.

5

Mandamus.Add.31, 169.  Noting that a publicly available ARRP from a non-defendant federal agency submitted as evidence by Plaintiffs did "not neatly align with the government's characterization of ARRPs in general," the District Court ordered production of ARRPs from four agencies (two chosen by each side) for *in camera* and counsel's-eyes-only review.  Mandamus.Add.33-34.  Defendants complied with that order without seeking relief.

After that *in camera* review, the District Court concluded that the OMB declaration supporting Defendants' blanket privilege assertion was "insufficient." Mandamus.Add.29.  The District Court gave Defendants yet another chance, inviting them to submit further declarations with "sufficient detail as to which parts of the ARRPs" are privileged, and directing Defendants to identify any proposed redactions.  Mandamus.Add.29.  Defendants submitted declarations from those four agencies and proposed redactions that, as the District Court later observed, redacted almost the entirety of the documents.  Mandamus.Supp.Add.60 & n.1.

In briefing to this Court, Defendants represented that the preliminary injunction was preventing them from carrying out numerous RIFs that were otherwise "set."  Case No. 25-3293 (ECF 12.1 at *35).  To the Supreme Court, Defendants provided more detail, representing that the injunction halted more than 40 imminent RIFs at 17 agencies that would otherwise have occurred.  S. Ct Case No. 24A1174, Dkt. No. 1 at *29.

6

After the Supreme Court's stay decision leaving the lawfulness of the ARRPs for the District Court to resolve, Plaintiffs renewed their request for expedited production of the ARRPs, and Defendants in turn renewed their request for a protective order and/or reconsideration of the prior order to produce. Mandamus.Add.12.  The District Court found that "[t]he content of the ARRPs … remains squarely at issue in this case" following the Supreme Court's stay decision.  Mandamus.Supp.Add.60.  The Court also stated, based on its *in camera* review, that "at minimum, the final versions of the ARRPs at the 17 agencies referenced before the Supreme Court are not covered by the deliberative process privilege."  *Id.*  The District Court gave Defendants another chance to propose redactions but warned that it was "not inclined" to accept "the near-total redactions defendants have proposed to date."  Mandamus.Supp.Add.60 & n.1.

On July 18, 2025, the District Court issued the order that is the subject of the mandamus petition and the panel's opinion.  Mandamus.Add.1-11.  The District Court granted in part and denied in part the parties' respective requests.  In assessing the relevance of the ARRPs to Plaintiffs' claims, the District Court rejected Defendants' position that the Supreme Court stay "effectively ends this case."  Mandamus.Add.4.  In doing so, the Court identified the specific remaining claims to which the ARRPs are relevant, including Plaintiffs' claim that implementation of the ARRPs is arbitrary and capricious action under the APA—a

7

claim that was *not* before the Supreme Court because it was not part of the basis for the preliminary injunction. Mandamus.Add.5. With respect to that arbitrary and capricious action claim, the Court correctly reasoned:

> To prove this claim, plaintiffs will need to show that an agency has failed to consider an important aspect of a problem, that the agency offers an explanation for a decision that is contrary to the evidence, that the agency's decision is so implausible that it could not be ascribed to a difference in view or be the product of agency expertise, or that the agency's decision is contrary to governing law. *Lands Council v. Powell*, 395 F.3d 1019, 1026 (9th Cir. 2005) (citations omitted). In the context of this case, the ARRPs *are* the documents in which OMB and OPM directed the federal agency defendants to outline their initial agency cuts and reductions and the agencies' "positive vision for more productive, efficient agency operations going forward." Dkt. No. 37-1, Ex. B at 3-4. These plans are highly relevant to plaintiffs' Claim VII.

*Id.*

Having concluded the ARRPs are highly relevant to Plaintiffs' claims, the Court proceeded to apply the appropriate standard for assessing the qualified privilege. Mandamus.Add.7-8. The District Court "question[ed] whether ARRPs that have been approved by OMB and OPM in any fashion remain 'predecisional,'" but, even assuming that "at least some ARRPs" may be privileged, found that the qualified privilege was overcome by the need for ARRPs in this litigation. Mandamus.Add.7. The District Court nonetheless issued a protective order limiting distribution of ARRPs at this stage "to plaintiffs' counsel and the Court only." Mandamus.Add.9. The District Court also allowed

8

Defendants to redact any material on union negotiating strategy but warned

Defendants "not to abuse this allowance" and rejected the "near-total redactions"

that Defendants had previously proposed. Mandamus.Add.9.

Defendants petitioned for mandamus and, following argument, the panel

denied the petition. The panel found no clear error by the District Court.

Reh'g.Add.13. Although the panel saw "good reasons to conclude that the

deliberative process privilege does not apply to the ARRPs," the panel found it

unnecessary to decide the question because it found no clear error in the District

Court's conclusion that, assuming the qualified privilege applied, it was overcome.

Reh'g.Add.13-14. The panel reasoned that "ARRPs are plainly relevant to the

very issue that the [Supreme] Court's order expressly leaves open" and there was

"no evidentiary support" for Defendants' assertions of harm to the government's

deliberative process. Reh'g.Add.17-18. Judge Ikuta dissented. Reh'g.Add.25.

## ARGUMENT

Panel rehearing requires Defendants to identify a particular error. Fed. R.

App. P. 40(b)(1)(A). Rehearing en banc, which is "not favored," requires

Defendants to establish a conflict with appellate case law or "questions of

exceptional importance." Fed. R. App. P. 40(a), (b)(2). Defendants have met

neither standard and therefore have not justified rehearing the panel's

9

determination that there was no basis to interfere with the District Court's careful management of this ongoing case.

## I.     Defendants fail to acknowledge the high bar for mandamus relief.

Mandamus is a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)).  It is, after all, one of "the most potent weapons in the judicial arsenal." *Id.* (quoting *Will v. United States*, 389 U.S. 90, 107 (1967)).  A petitioner seeking mandamus must show a right to the writ that is "clear and indisputable." *Id.* at 381 (quoting *Kerr v. U. S. Dist. Ct.*, 426 U.S. 394, 403 (1976)).  Even then, issuance of mandamus is an "exercise of . . . discretion." *Id.*; *see also In re United States*, 895 F.3d 1101, 1104 (9th Cir. 2018) (mandamus remains "at bottom discretionary" even when all factors are met).

In considering the mandamus petition, the panel applied the five-factor test long established in this Circuit.  Reh'g.Add.12 (citing *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654-55 (9th Cir. 1977)).  The absence of the third factor, clear error, is dispositive.  Reh'g.Add.12.  As the panel recognized, the "bar for clear error is high." Reh'g.Add.13.  Given the exceedingly high bar for mandamus, a request for rehearing of a denial of mandamus must require an extraordinary showing.

II. **The panel's decision does not warrant rehearing.**

Defendants make three arguments, none of which has any merit let alone would meet the high bar for extraordinary relief.

First, the panel found it unnecessary to decide whether the ARRPs were privileged in whole or part because there was no clear error in the District Court's decision that any qualified privilege was overcome. Since the panel did not actually decide the privilege claim, the panel's analysis of the privilege cannot be the source of any error or conflict that justifies rehearing.

Second, the panel also did not err or create conflicting case law when it found no clear error in the District Court's application of a well-established test for whether the privilege was overcome.

Third, the panel and the District Court adequately accounted for separation-of-powers concerns through their careful consideration of Defendants' deliberative process privilege claim.

### A. There can be no error in the panel's analysis of the qualified privilege claim where the panel assumed without deciding that the privilege applied.

The panel expressed skepticism that ARRPs are entitled to deliberative process privilege, but did not decide the question. Instead, the panel assumed that the privilege applied to at least some of the ARRPs and found no clear error in the District Court's conclusion that any such privilege is overcome. Reh'g.Add.13-14,

11

16.  Defendants make no argument that the panel was required to decide whether the qualified privilege applied, as opposed to assuming that the privilege applied but deciding that it was overcome.  Because the panel did not actually decide whether ARRPs are both predecisional and deliberative, there can be no error or conflict arising from that analysis that justifies rehearing.

In any case, the panel's discussion of Defendants' categorical assertion of privilege was fully consistent with existing case law.  To qualify for the privilege, a document must be both (1) predecisional, having been "generated before the adoption of an agency's policy or decision," and (2) deliberative, "containing opinions, recommendations, or advice about agency policies."  *FTC v. Warner Communc'ns*, 742 F.2d 1156, 1161 (9th Cir. 1984).

The ARRPs at issue are not predecisional.  The ARRPs were mandated by the OMB/OPM Memorandum implementing the EO, and outline the federal agencies' actions to implement the orders to reorganize themselves and engage in large-scale RIFs to reduce their workforce.  Add.162-67.  These documents thus reflect the decisions that were made by the agencies and, as approved, by OMB and OPM, with respect to implementation of the Executive Order.  As this Court has previously recognized, agencies had already begun wide-scale RIFs and reorganizations pursuant to the ARRPs by the time Plaintiffs brought their case.  Reh'g.Add.14-15; *AFGE*, 139 F.4th at 1028.

Defendants nonetheless insist that ARRPs are predecisional because they "are always subject to change" and do not "irrevocably commit[]" an agency to a course of action. Reh'g.Pet.11. But as previously discussed, *supra* at 3 n.2, this is contrary to the well-supported factual findings of the District Court affirmed by this Court. And as the panel correctly recognized, in line with established case law, the government may not label a decision perpetually non-final because of the mere possibility of revision. Reh'g.Add.14 (citing *Assembly of State of Cal. v. Dep't of Commerce*, 968 F.2d 916, 921 (9th Cir. 1992); *Sackett v. EPA*, 566 U.S. 120, 127 (2012)).

Defendants also try to separate ARRPs from subsequent implementing action, by asserting that RIFs were "undertaken pursuant to the agency's own statutory authorities" rather than being "finalized or compelled by" ARRPs. Reh'g.Pet.12. Again, however, the District Court found, and this Court previously affirmed, that federal agencies have taken these actions pursuant to approved ARRPs. *AFGE*, 139 F.4th at 1028, 1035; Mandamus.Supp.Add.68, 121-24. In fact, as previously noted, Defendants told the Supreme Court and this Court that the District Court's preliminary injunction had halted forty RIFs that were already "in progress" and "were set to occur" at seventeen agencies. Stay Application at 32-33, *Trump v. AFGE*, No. 24A1174 (U.S. June 2, 2025); Stay Motion at 23, *AFGE v. Trump*, No. 25-3293 (9th Cir. May 23, 2025), Dkt. 4.1. As the District

13

Court found: "[i]f defendants considered th[o]se RIFs [to be] enjoined by the Court's preliminary injunction, then it follows that the RIFs resulted from the defendant agencies' ARRPs." Mandamus.Supp.Add.60. And further, after the Supreme Court stayed that injunction and allowed Defendants to resume implementing ARRPs, the District Court found that "defendants are moving forward with RIFs" and that they have "begun to implement elements of ARRPs without transparency to the general public or the affected federal employees." Mandamus.Add.8; Mandamus.Supp.Add.20 n.1. Defendants' characterization of ARRPs as vague, someday plans that remain subject to continual change and are forever predecisional cannot overcome these findings, supported by the evidence, of Defendants' actual implementation of ARRPs.

Defendants also failed to establish that the ARRPs are deliberative. The panel concluded that "little evidence in the record" supported Defendants' characterization. Reh'g.Add.15. On the contrary, "all available evidence" showed that "ARRPs represent the considered position of the agency submitted for approval by OMB." Reh'g.Add.16.

Contrary to Defendants' and the dissent's characterization, the panel did not hold that the deliberative process privilege is "limited 'to personal opinions alone." Reh'g.Pet.12 (quoting Reh'g.Add.31 n.7). To be sure, personal opinions are the clearest example of the type of deliberative material that "would expose an

14

agency's decision-making process in such a way as to discourage candid discussion within the agency." *Assembly of State of Cal.*, 968 F.2d at 921.  But the panel's analysis ultimately rested on the conclusion that ARRPs represent the "considered position of the agency" at the conclusion of the agency's deliberative process, so their disclosure would not expose the deliberation during the process of consideration.  Reh'g.Add.16.

The panel's analysis of the two elements of the privilege was fully consistent with prior case law, but in any case, that analysis cannot justify rehearing because the panel ultimately found no need to decide whether either element was met.

### B.    The panel applied a well-established test and did not err in concluding that any qualified privilege was overcome given the relevance of the documents to claims at issue.

To consider whether the qualified deliberative process privilege was overcome, both the panel and the District Court relied on a long-established multi-factor test.  The panel did not err or create a conflict with existing case law when it found no clear error in the District Court's application of those factors to the context of this specific case.

"The deliberative process privilege is a qualified one.  A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Warner*, 742 F.2d at 1161.  In determining whether the privilege is overcome, courts consider

15

"1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* No prior Ninth Circuit authority dictates how the District Court was required to weigh those factors. *See In re Swift Transp. Co. Inc.*, 830 F.3d 913, 917 (9th Cir. 2016) (there can be no clear error warranting mandamus if "no prior Ninth Circuit authority prohibited the course taken by the district court").

On the first factor, the panel concluded that "ARRPs are plainly relevant to the very issue that the [Supreme] Court's order leaves open": the legality of these ARRPs. Reh'g.Add.17. As the panel explained, ARRPs are "plainly relevant" to claims that were not before the Supreme Court, which the Supreme Court therefore did not consider in its stay decision, and which the Supreme Court expressly left for the District Court to consider in the first instance. Reh'g.Add.17. In particular, the panel affirmed the District Court's conclusion that the ARRPs are highly relevant to Plaintiffs' APA claim that Defendants engaged in unlawful arbitrary and capricious action, which was not before the Supreme Court at all. Further, the panel agreed that the ARRPs are relevant to multiple other claims—in fact, to all of Plaintiffs' claims other than the facial challenges to the Executive Order and Memorandum directly addressed by the Supreme Court as the basis for staying the

16

preliminary injunction. Reh'g.Add.17-18.[3] Defendants' position that ARRPs are irrelevant is simply an attempt to shut the door that the Supreme Court expressly left open for Plaintiffs in further proceedings.

Defendants further argue that APA review is on an administrative record and that ARRPs would not be part of the administrative record for any of Plaintiffs' APA claims. But to start, even if that were true, the panel correctly recognized that ARRPs are relevant to Plaintiffs' pending ultra vires claims. Reh'g.Add.19. Defendants and the dissent try to characterize the District Court's production order narrowly, claiming that the order was based only on one of Plaintiffs' APA claims. Reh'g.Pet.15 (citing Reh'g.Add.30 n.2). But they fail to acknowledge that the District Court identified Claim VII as "just one clear-cut example" of the relevance of ARRPs to Plaintiffs' claims, and recognized the viability of all of Plaintiffs' remaining claims. Mandamus.Add.5. As the panel recognized, ARRPs are relevant to both the APA and ultra vires claims in the operative complaint.

---

[3] The Supreme Court's stay decision addressed those facial challenges by holding that the Executive Order and Memorandum were likely lawful, but did not address Plaintiffs' ultra vires challenges to OMB/OPM actions other than the Memorandum, including their approvals of agencies' ARRPs; Plaintiffs' APA challenges to those same OMB/OPM actions as exceeding and contrary to authority and arbitrary and capricious; and Plaintiffs' APA challenges to implementing federal agency actions as exceeding and contrary to authority and arbitrary and capricious arbitrary and capricious.

Defendants make the backup argument that discovery is unwarranted because the ultra vires claims are meritless, but that is not a question for this Court to decide in the first instance on mandamus from a discovery order. *See Pac. Union Conf. of Seventh-Day Adventists v. Marshall*, 434 U.S. 1305, 1309 (1977) (recognizing that it is improper to seek "review of a discovery order to serve in effect as a vehicle for interlocutory review of the underlying merits of the lawsuit"). It was within the District Court's case management authority to allow discovery in aid of its eventual decision on the merits of Plaintiffs' ultra vires claims. Whether Plaintiffs' ultra vires claims are ultimately meritorious is not a question for this Court to decide at this time.

In any case, there was also no clear error in the District Court's order requiring Defendants to produce ARRPs that would properly be part of any administrative record for Plaintiffs' APA challenges. This Court and the District Court have correctly concluded that OMB and OPM's approvals of ARRPs are final agency actions. *AFGE*, 139 F.4th at 1038-39; Mandamus.Supp.Add.102-03. The agency actions implementing those approved ARRPs are final agency actions as well. *E.g.*, *Elev8 Baltimore, Inc. v. Corp. for Nat'l & Cmty. Serv.*, No. CV MJM-25-1458, 2025 WL 1865971, at *19 (D. Md. July 7, 2025) (citing cases finding agency reorganization actions to be final action). Because ARRPs would undoubtedly be part of the administrative record for those final actions, which must

18

contain "all documents and materials directly or indirectly considered by agency decision-makers," *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989), it was within the District Court's discretion to order production of those record documents.[4]

Defendants try to have it both ways by arguing that expedited disclosure of ARRPs in the context of a District Court's consideration of preliminary injunctive relief is "premature" because no administrative record "has yet been provided." Reh'g.Pet.13.  They make this argument notwithstanding their parallel refusal in the District Court to produce an administrative record.  Dist. Ct. Dkt. 240 (Defendants' opposition to Plaintiffs' motion for an order requiring production of administrative record(s)).  Defendants cannot continue to stonewall judicial review by both refusing to produce these ARRPs and refusing to produce any administrative record whatsoever.

Finally, Defendants do not challenge the panel's analysis of any of the other factors for determining whether the deliberative process privilege is overcome. But because whether the privilege is overcome entails a court's judgment in

---

[4] Defendants' argument that the ARRPs would not be included in any administrative record because they are necessarily "deliberative" in their entirety (Pet. at 13-14) again defies the evidentiary record and prior findings of the District Court, affirmed by this Court.  The final ARRP documents submitted by the agencies for OMB and OPM approval, that were then approved by OMB and OPM, are not deliberative documents, they are the documents that reflect the decisions actually made, for all the reasons explained above.

weighing multiple factors, Defendants cannot show error in the panel decision without engaging with the other significant factors in the test. Most importantly, Defendants do not dispute, let alone address, the panel's conclusion that there is "no evidentiary support" for any harm to the government's deliberative process. Reh'g.Add.18. As the panel explained, Defendants have "made no showing of harm" resulting from the prior disclosures of ARRPs, which include *in camera* production to the District Court and public disclosure of at least one ARRP. Reh'g.Add.18 (citing Mandamus.Supp.Add.164-71). Those disclosures happened months ago, and there is still no evidence that any harm has resulted.[5]

Defendants had multiple chances before the District Court to establish harm from disclosure of ARRPs. *Supra* at 5-7. Despite these multiple invitations, Defendants never provided—and in their rehearing petition, still do not provide—anything more than generalized, broad-brush contentions of harm. That does not suffice. *See Rudometkin v. United States*, 140 F.4th 480, 492 (D.C. Cir. 2025) ("an agency must concretely demonstrate why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency deliberations going forward" (cleaned up)). Because

---

[5]    During briefing on the mandamus petition, Plaintiffs identified yet another nonparty agency ARRP that has been publicly disclosed. Mandamus.Opp.34 n.11. There is no indication of any harm to the government's deliberative processes from that disclosure, either.

20

Defendants do not even try to dispute the panel's conclusion that there is "no evidentiary support" for the Defendants' asserted harms, Reh'g.Add.18, they cannot show that the panel's decision ought to be reheard.

**C.      The panel appropriately considered separation-of-powers concerns.**

The panel did not, as Defendants claim, disregard separation-of-powers concerns by treating this dispute as an "ordinary" discovery matter.  Reh'g.Pet.16.  On the contrary, the panel carefully applied existing case law about when the deliberative process privilege asserted by the federal government can and should be overcome by litigation need.  That analysis reflects the considered standard applicable in this Circuit.  Because the deliberative process privilege is a unique governmental privilege, the panel necessarily did not treat this matter as if it were a routine civil matter between ordinary litigants.  Both the panel and the District Court accorded due respect to Defendants' governmental interests by properly applying this Court's standards and carefully considering Defendants' privilege claim.

Indeed, the District Court went above and beyond what is required by this Circuit, by providing Defendants with multiple opportunities to justify their categorical privilege assertions.  Reh'g.Add.10.  When the first supporting declaration was inadequate, the Court requested further evidentiary support.  *Supra* at 6.  When Defendants' redactions were all-encompassing, the Court requested

Defendants take another shot with more precision, which they declined to do. *Supra*, at 6-7. "The chronology of those proceedings reflects the care with which the district court has dealt with this case, and the 'careful consideration' it has afforded to the government's assertion of privilege and the attendant separation of powers concerns." Reh'g.Add.10. Despite being afforded multiple chances, Defendants provided "no evidentiary support" for the alleged harms to the federal government's deliberative processes. Reh'g.Add.18.

There is no support for Defendants' assertion that "discovery against an Executive Branch agency must be authorized *only as a last resort*." Reh'g.Add.16 (emphasis added). Defendants' position that federal agencies are subject to unique and more favorable discovery rules would create a rift with existing case law. To be sure, the federal government may avail itself of certain government-specific privileges. But otherwise, "[t]he Government as a litigant is, of course, subject to the rules of discovery." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958) and Congress has not exempted federal agencies from the Federal Rules of Civil Procedure. A faithful application of the deliberative process privilege, which both the panel and the District Court undertook in this case, safeguards the separation of powers. But Defendants cannot further shield themselves from discovery through a talismanic invocation of separation-of-powers concerns.

22

The cases cited by Defendants and the dissent are not to the contrary. Reh'g. Pet. at 16. *Cheney v. U.S. District Court* concerned discovery requests directed to the Vice President himself and other high-level officials. 542 U.S. at 372-73, 385. Separation-of-powers concerns involving communications directly with the President and Vice President do not extend to federal agencies generally, even if the agencies are pursing so-called "core presidential priorities," Reh'g.Pet.17. Defendants have never contended that the President was involved in the creation of the ARRPs. OMB did not create the documents at issue either. And regardless, that OMB is housed within the Executive Office of the President, Reh'g.Pet.16-17, does not support extending a constitutional privilege to everything that OMB reviews or approves. *Wolfe v. HHS*, 815 F.2d 1527, 1532-33 & n.5 (D.C. Cir. 1987) (rejecting argument that communications involving OMB are entitled to constitutional privilege), *vacated on other grounds*, 839 F.2d 768 (D.C. Cir. 1988) (en banc).[6]

---

[6] Courts have recognized a presidential-communications privilege for the "President and those who assist him," *United States v. Nixon*, 418 U.S. 683, 708 (1974), but that is limited to "immediate White House advisors," *Jud. Watch, Inc. v. DOJ*, 365 F.3d 1108, 1112 (D.C. Cir. 2004); *see also Karnoski v. Trump*, 926 F.3d 1180, 1203 (9th Cir. 2019). Where Defendants have not even tried to assert that privilege and are asserting only the deliberative process privilege, which is "not as robust," *Karnoski*, 926 F.3d at 1206, separation-of-powers concerns are correspondingly not as robust.

23

*In re United States* does not support the idea that discovery against the federal government is subject to special rules either.  583 U.S. 29, 31 (2017).  "*Under the specific facts of this case*," the Court ruled that an order to supplement an administrative record was overly broad, and remanded without further explanation to consider "narrower amendments to the record."  *Id.* at 31-32 (emphasis added).  *U.S. DOGE Service v. CREW* is also inapposite. 145 S. Ct. 1981 (2025) (*see* Reh'g.Pet. at 16).  That Supreme Court stay decision concluded that discovery of intra-Executive Branch recommendations was "not appropriately tailored" where those recommendations did not bear on the question at issue of whether the entity was an agency under FOIA.  *Id.*  That tailoring and relevance analysis does not apply at all to this case.  The District Court did not clearly err in concluding that production of ARRPs is appropriately tailored to the needs of the case given the relevance of those documents to Plaintiffs' claims, and the fact that agencies are already acting on their approved ARRPs.

Finally, the dissent's surface-level comparison to *Karnoski v. Trump* does not hold up.  Reh'g.Add.25.  In that case, this Court focused on the need to balance discovery "against the military's countervailing confidentiality interest."  *Karnoski*, 926 F.3d at 1206; *id*. (discussing "serious—although not insurmountable—national defense interests").  No such military interests are at issue here.

24

## CONCLUSION

The Court should deny the petition.

DATED: October 7, 2025          Respectfully submitted,

Stacey M. Leyton
Barbara J. Chisholm
Danielle E. Leonard
Corinne F. Johnson
Alice X. Wang
Robin S. Tholin
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Tel.: (415) 421-7151

By: */s/ Stacey Leyton*

*Attorneys for Plaintiff-Appellee Organizations*[7]

Elena Goldstein
Skye Perryman
Tsuki Hoshijima
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel.: (202) 448-9090

---

[7] Plaintiff-Appellee Organizations are the American Federation of Government Employees, AFL-CIO (AFGE); American Federation of State County and Municipal Employees, AFL-CIO; Service Employees International Union, AFL-CIO (SEIU); AFGE Local 1122; AFGE Local 1236; AFGE Local 2110; AFGE Local 3172; SEIU Local 1000; Alliance of Retired Americans; American Geophysical Union; American Public Health Association; Center for Taxpayer Rights; Coalition to Protect America's National Parks; Common Defense Civic Engagement; Main Street Alliance; Natural Resources Defense Council, Inc. (NRDC); Northeast Organic Farming Association, Inc; VoteVets Action Fund Inc.; and Western Watersheds Project.

25

By: */s/ Tsuki Hoshijima*

*Attorneys for Plaintiff-Appellee Organizations (except NRDC) and for City of Chicago, IL; Martin Luther King, Jr. County, WA; Harris County, TX; and City of Baltimore, MD*

Jules Torti
PROTECT DEMOCRACY PROJECT
82 Nassau St., #601
New York, NY 10038
Erica J. Newland
Jacek Pruski
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., N.W., Suite 163
Washington, D.C. 20006
Tel.: (202) 579-4582
jules.torti@protectdemocracy.org
erica.newland@protectdemocracy.org
jacek.pruski@protectdemocracy.org

*Attorneys for Plaintiff-Appellee Organizations (except NRDC)*

Norman L. Eisen
Spencer W. Klein
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
Tel.: (202) 594-9559
Norman@statedemocracydefenders.org
Spencer@statedemocracydefenders.org

*Attorneys for Plaintiff-Appellee Organizations (except NRDC)*

Rushab Sanghvi
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
80 F Street, NW

26

Washington, DC 20001
Tel.: (202) 639-6426
Sanghr@afge.org

*Attorney for Plaintiff-Appellee American Federation of Government Employees, AFL-CIO (AFGE) and AFGE locals*

Teague Paterson
Matthew Blumin
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO
1625 L Street, N.W.
Washington, D.C.  20036
Tel.: (202) 775-5900
Tpaterson@afscme.org
Mblumin@afscme.org

*Attorneys for Plaintiff-Appellee American Federation of State County and Municipal Employees, AFL-CIO (AFSCME)*

Steven K. Ury
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
Tel.: (202) 730-7428
steven.ury@seiu.org

*Attorney for Plaintiff-Appellee Service Employees International Union, AFL-CIO (SEIU)*

David Chiu
City Attorney
Yvonne R. Meré
Chief Deputy City Attorney
Mollie M. Lee
Chief of Strategic Advocacy

27

Sara J. Eisenberg
Chief of Complex and Affirmative Litigation
Molly J. Alarcon
Alexander J. Holtzman
Deputy City Attorneys
OFFICE OF THE CITY ATTORNEY FOR THE
CITY AND COUNTY OF SAN FRANCISCO
1390 Market Street, 7th Floor
San Francisco, CA 94102
molly.alarcon@sfcityatty.org
alexander.holtzman@sfcityatty.org

By: */s/ David Chiu*

*Attorneys for Plaintiff-Appellee City and County of San Francisco*

Tony LoPresti
COUNTY COUNSEL
Kavita Narayan
Meredith A. Johnson
Raphael N. Rajendra
Hannah M. Godbey
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street, East Wing, 9th Floor
San José, CA 95110
Tel.: (408) 299-5900

By: */s/ Tony LoPresti*

*Attorneys for Plaintiff-Appellee County of Santa Clara, Calif.*

David J. Hackett
General Counsel to King County Executive &
Special Deputy Prosecutor
Alison Holcomb
Deputy General Counsel to King County
Executive & Special Deputy Prosecutor

28

Erin King-Clancy
Senior Deputy Prosecuting Attorney
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
Tel.: (206) 477-9483
David.Hackett@kingcounty.gov
aholcomb@kingcounty.gov
aclancy@kingcounty.gov

*Attorneys for Plaintiff-Appellee Martin Luther King, Jr. County (King County)*

Sharanya Mohan
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Tel.: (510) 738-6788
sai@publicrightsproject.org

*Attorney for Plaintiffs-Appellees Baltimore, MD; Chicago, IL; Harris County, TX; and King County, WA*

Christian D. Menefee
Harris County Attorney
Jonathan G.C. Fombonne
Deputy County Attorney and First Assistant
Tiffany Bingham
Managing Counsel
Sarah Utley
Division Director – Environmental Division
Bethany Dwyer
Deputy Division Director – Environmental Division
R. Chan Tysor
Senior Assistant County Attorney
Alexandra "Alex" Keiser
Assistant County Attorney

29

1019 Congress, 15th Floor
Houston, Texas 77002
Tel.: (713) 274-5102
Fax: (713) 437-4211
jonathan.fombonne@harriscountytx.gov
tiffany.bingham@harriscountytx.gov
sarah.utley@harriscountytx.gov
bethany.dwyer@harriscountytx.gov
chan.tysor@harriscountytx.gov
alex.keiser@harriscountytx.gov

*Attorneys for Plaintiff-Appellee Harris County,
Texas*

Mary B. Richardson-Lowry,
Corporation Counsel of the City of Chicago
Stephen J. Kane
Rebecca A. Hirsch
Lucy Prather
City of Chicago Department of Law
Affirmative Litigation Division
121 N. LaSalle Street, Suite 600
Chicago, Illinois 60602
Tel.: (312) 744-6934
Stephen.kane@cityofchicago.org
Rebecca.Hirsch2@cityofchicago.org
Lucy.Prather@cityofchicago.org

*Attorneys for Plaintiff-Appellee City of Chicago*

Ebony M. Thompson
Baltimore City Solicitor
Sara Gross
Chief of Affirmative Litigation
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Tel.: (410) 396-3947
sara.gross@baltimorecity.gov

30

*Attorneys for Plaintiff-Appellee City of Baltimore*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this Response complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it is proportionally spaced and has a typeface of 14 points. It contains 5,469 words, in compliance with the type-volume limitations of Circuit Rules 32-3(2), and 32-2(b), and 40 as a joint brief. This response is a joint brief submitted by the separately represented parties of Plaintiff Organizations, the County of Santa Clara, and the City and County of San Francisco.

Dated: October 7, 2025            */s/ Stacey M. Leyton*
                                  Stacey M. Leyton

## FILER'S ATTESTATION

Pursuant to Circuit Rule 25-5(f), the filer attests that all other signatories

to this document concur in the content of, and have authorized, this filing.


Dated: October 7, 2025                    */s/ Stacey M. Leyton*
                                          Stacey M. Leyton

33